UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Case No.  22-cv-03806-VKD<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING OTHER MOTION**<br><br>Re: Dkt. Nos. 2, 6 |

    Mr. Randy Dewayne Pittman, a federal prisoner currently housed at the Santa Rita Jail in Dublin, California, initiated this action in pro se on June 28, 2022, by filing a form "Complaint by a Prisoner Under the Civil Rights Action, 42 U.S.C. § 1983." Dkt. No. 1 at 1.  He also filed a motion for leave to proceed in forma pauperis.  Dkt. No. 2.

    The Civil Cover Sheet accompanying the complaint suggests that Mr. Pittman intended to file a habeas action, which is consistent with the allegations in the complaint. *Id.* at 30.  On July 5, 2022, Mr. Pittman filed a handwritten document titled, "Petition for Writ of Habeas Corpus."  Dkt. No. 5.  As it appears that Mr. Pittman intended to file a habeas action rather than a § 1983 complaint, the Court strikes the complaint filed under Docket No. 1 and construes the petition filed under Docket No. 5 as the operative petition in this matter.

    On July 11, 2022, Mr. Pittman filed a "motion to introduce evidence," which the Court construes as a motion to supplement the petition.  Dkt. No. 6.  The motion is GRANTED.  The Court will proceed with an initial review of the petition and supplement thereto.  Dkt. Nos. 5, 6.

**I.     STANDARD OF REVIEW**

    Review of the execution of a federal sentence is properly brought as a petition for writ of

1  habeas corpus under 28 U.S.C. § 2241.  *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.
2  1984) (presentence time credit claim).  This Court may entertain a petition for writ of habeas
3  corpus from a person "in custody in violation of the Constitution or laws or treaties of the United
4  States." 28 U.S.C. § 2241(c)(3).  This power extends to reviewing challenges to the Board of
5  Parole's decisions regarding execution of federal criminal sentences, including calculation of
6  release date.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  The court shall
7  "award the writ or issue an order directing the respondent to show cause why the writ should not
8  be granted, unless it appears from the application that the applicant or person detained is not
9  entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations
10 in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See*
11 *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## II. DISCUSSION

According to the petition, Mr. Pittman was serving a sentence for a conviction out of Dekalb County in Alabama when he was taken into custody by the U.S. Marshals Service for violating conditions of supervised release.  Dkt. No. 5 at 2-3.  He subsequently received a one-year sentence in the custody of the Federal Bureau of Prisons ("BOP").  *Id.* at 3.  Based on his calculations, including jail credit, Mr. Pittman asserts that his expected date of discharge should be August 12, 2022.  *Id.* at 4.  He requests that the BOP be directed to update his release date accordingly.  *Id.* at 7-8.  Liberally construed, this claim is cognizable and merits an answer from Respondent.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **thirty (30) days** of the issuance of this order, an answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of Petitioner's federal criminal record that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. Petitioner's motion for leave to proceed in forma pauperis is GRANTED. Dkt. No. 2. No fee is due.

7. Petitioner's "motion to introduce evidence" is GRANTED. Dkt. No. 6.

This order terminates Docket Nos. 2 and 6.

//

//

//

//

1 **IT IS SO ORDERED.**

2 Dated: July 13, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge