UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | Case No. 22-cv-03806-VKD<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT; DENYING AND DISMISSING ALL PENDING MOTIONS**<br><br>Re: Dkt. Nos. 9, 15, 20, 22, 32, 33, 41, 42 |

Randy Dewayne Pittman is currently in the custody of the U.S. Marshal at the Santa Rita Jail ("Jail") in Dublin, California. Mr. Pittman initiated this action in pro se by filing a form complaint under 42 U.S.C. § 1983. Dkt. No. 1. However, based on the contents of that complaint and a subsequent "Petition for Writ of Habeas Corpus" filed by Mr. Pittman, (Dkt. No. 5), the Court determined that he had intended to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his federal sentence, rather than a § 1983 action. Dkt. No. 7. The Court ordered Respondents to respond no later than August 12, 2022. *Id.* at 3. All parties have consented to magistrate judge jurisdiction. *See* Dkt. Nos. 3, 19.

Thereafter, Mr. Pittman filed several motions and requests for action, including: (1) a motion for placement in witness protection (Dkt. No. 9), (2) a supplement to the motion (Dkt. No. 20), (3) a motion to unseal and motion to object to the combining of civil and criminal cases (Dkt. No. 15), (4) a motion for discovery, evidentiary hearing, expedited trial, and other relief concerning the conditions of his confinement (Dkt. No. 22), (5), a declaration (Dkt. No. 24), (5) a letter concerning his safety at the Jail and the medical and mental health treatment he receives there, and requesting relief (Dkt. No. 23); a hearing request regarding his medical treatment (Dkt.

No. 30); and (7) a motion for supplemental information (Dkt. No. 33). Pursuant to the parties' stipulation, the Court ordered the parties to consolidate briefing on the petition and Mr. Pittman's several pending motions. Dkt. Nos. 28, 31, 34. On September 9, 2022, Respondents filed their omnibus response to Mr. Pittman's petition and pending motions. Dkt. No. 35.[1] Mr. Pittman filed an opposition and reply on September 14, 2022. Dkt. No. 38.[2] Respondents filed a reply on September 22, 2022. Dkt. No. 40.

The Court finds these matters suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, the Court dismisses Mr. Pittman's habeas petition as moot and dismisses or denies without prejudice the remainder of Mr. Pittman's requests for relief.

## I.     BACKGROUND

Unless otherwise noted, the following facts are not disputed.

In 2016, Mr. Pittman was convicted of a felony firearm offense in the Northern District of Texas. Dkt. No. 35-2 ¶ 3. On May 24, 2019, Mr. Pittman began serving a three-year term of supervised release for this offense. *Id.* His conditions of supervised release conditions included a requirement that he not commit any additional offenses. Dkt. No. 35-1 at 6.

On June 19, 2019, Mr. Pittman was arrested by Alabama state law enforcement for unlawful distribution of a controlled substance (the "unlawful-distribution offense"). Dkt. No. 35-2 ¶ 4. Mr. Pittman pled guilty on March 8, 2021 and was sentenced on May 24, 2021 to 24 months of probation on the state unlawful-distribution offense. *Id.* at 11-12. On June 25, 2021, Mr. Pittman was arrested on yet new charges, and, as a result, the Alabama court revoked his probation and sentenced him to a term of incarceration for the remainder of his 24-month term in the custody of the Alabama Department of Corrections. *Id.* at 4, 19-28, 30.

Mr. Pittman's unlawful-distribution offense also constituted a violation of the federal

---

[1] Respondents' answer is supported by the declarations of Assistant U.S. Attorney Kelsey John Helland, counsel for Respondents, Dkt. No. 35-1, Tiffany Farmer, a Management Analyst at the Designation and Sentence Computation Center for the U.S. Department of Justice, Federal Bureau of Prisons, Dkt. No. 35-2, and Quentin Kinlock, a Supervisory Deputy with the U.S. Marshals Service, Dkt. No. 35-3.

[2] Mr. Pittman's opposition is supported by a two-page declaration.

1    supervised-release conditions set by the Northern District of Texas for his felony firearm offense
2    (the "supervised-release violation"). Dkt. No. 35-1 at 5; Dkt. No. 35-2 at 53. Federal authorities
3    arrested Mr. Pittman on October 27, 2021, and he was transferred from state custody to the
4    custody of the U.S. Marshal on that same date. Dkt. No. 35-2 ¶ 10, 38-39; Dkt. No. 5 at 2.

5        On October 28, 2021, the day after Mr. Pittman was transferred to U.S. Marshal custody,
6    the U.S. Attorney for the Northern District of California filed a five-count indictment against Mr.
7    Pittman for aggravated identity theft and other offenses (the "identify-theft offense"). Dkt. No.
8    35-2 ¶ 12, 43-51, 62. That case is *United States v. Pittman*, No. 21-cr-00418-HSG (N.D. Cal.).

9        On February 10, 2022, Mr. Pittman pled guilty to violating the federal supervised-release
10   conditions set by the Northern District of Texas. That court revoked Mr. Pittman's supervised
11   release and sentenced him to a term of imprisonment of 12 months and one day, *i.e.*, 366 days.
12   Dkt. No. 35-2 ¶ 13; *id.* at 53-54; Dkt. No. 5 at 3, 22-23. Given the co-pendency of the identity-
13   theft case against him in this District and the relatively short duration of Mr. Pittman's custodial
14   sentence for his supervised-release violation, the Federal Bureau of Prisons ("BOP") did not
15   designate Mr. Pittman to serve his supervised-release sentence in a BOP facility, but instead
16   permitted him to serve his sentence in the custody of the U.S. Marshal. Dkt. No. 35-2 ¶¶ 14, 19;
17   Dkt. No. 5 at 5.

18       According to Respondents, BOP calculated Mr. Pittman's federal sentence for the
19   supervised-release violation as follows: Mr. Pittman's sentence commenced on February 10, 2022
20   (his sentencing date); he was entitled to a total of 170 days of credit; and therefore, his release date
21   was August 24, 2022 (366 days after February 10, 2022, minus 170 days of credit). Dkt. No. 35-2
22   ¶¶ 3, 13, 14; *id.* at 56-57, 75. According to Mr. Pittman, the BOP calculation is incorrect, and his
23   release date should have been calculated as August 12, 2022. Dkt. No. 5 at 4, 8.

24       On July 6, 2022, Mr. Pittman pled guilty to aggravated identity theft in the criminal action
25   filed against him in this District. *See United States v. Pittman*, No. 21-cr-00418-HSG, Dkt. No.
26   63. After Mr. Pittman completed his custodial sentence for his federal supervised-release
27   violation in August 2022, he remained in the custody of the U.S. Marshal in the status of a pre-
28   trial detainee pending sentencing for his identify-theft conviction. Dkt. No. 35-2 ¶ 19. On August

United States District Court
Northern District of California

1   31, 2022, Mr. Pittman was sentenced to a two-year term of imprisonment for that offense,

2   followed by a one-year term of supervised release. *See United States v. Pittman*, No. 21-cr-00418-

3   HSG, Dkt. No. 93. Judgment was entered on September 13, 2022. *Id.*, Dkt. No. 102. The record

4   before the Court does not reflect BOP's designation of a facility for Mr. Pittman to serve his

5   sentence for the identity-theft offense or BOP's calculation of a release date Mr. Pittman.

## II.   LEGAL STANDARD

A prisoner's request for judicial review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *United States v. Richardson*, No. C 10-5203 SI, 2011 WL 2650697, at *3 (N.D. Cal. July 6, 2011) (challenge to calculation of sentence). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).

## III.   DISCUSSION

Respondents argue that Mr. Pittman's habeas petition should be dismissed or denied as moot because Mr. Pittman has already completed the sentence as to which he disputes the date of release. Dkt. No. 35 at 8. In addition, Respondents argue that the Court should deny all of Mr. Pittman's other motions and requests for relief, as none of those matters are related to the habeas petition. The Court first considers Respondents' mootness challenge to Mr. Pittman's habeas petition and then addresses the other pending motions and requests.

### A.   Whether Mr. Pittman's Petition Is Moot

Mr. Pittman's habeas petition concerns the BOP's calculation of the release date for the sentence the Northern District of Texas imposed for his supervised-release violation. Dkt. No. 5 at 4. Respondents argue that because Mr. Pittman has completed that sentence (whether on August 12, 2022, as he claims, or on August 24, 2022, as Respondents claim), his habeas claim is now moot because there is no longer a case or controversy to be resolved. *Id*. Respondents note that Mr. Pittman remained in U.S. Marshal custody after completion of his supervised-release

4

violation sentence as a pre-trial detainee solely in connection with the separate identity-theft offense, and continues to remain in U.S. Marshal custody following his conviction for that offense while awaiting designation to a BOP facility. Dkt. No. 35 at 13.

In a response filed two weeks before the deadline set by the Court, Mr. Pittman requests a hearing "to state facts on the record since he cannot do so in writing." Dkt. No. 38 at 1. Mr. Pittman says that because he is in solitary confinement he has "no paper, no pen, no postage, no nothing." *Id.* at 4. However, he also explains that he is "in no way attempting to challenge [his] incarceration," and that "even if the sentence-end date has passed there is still a live or actual controversy because [he is] challenging the sentence end date not whether [he is] in or out of custody," and because the sentence-end date "automatically effects the next sentence begin date." *Id.* at 3, 4.

The Court first considers whether Mr. Pittman has been deprived of an opportunity to respond in writing to Respondents' motion to dismiss and requires a hearing to present evidence and argument. The Court is not persuaded that Mr. Pittman has suffered any such deprivation. His request for a hearing itself was made *in writing*. Moreover, during the course of this habeas proceeding, Mr. Pittman has filed more than 100 pages of briefing and other requests for court action, demonstrating that he has the means to prepare and file written materials. For this reason, the Court denies Mr. Pittman's request for a hearing in lieu of a written response to Respondents' motion.

The more substantial question is whether Mr. Pittman's completion of his sentence for the supervised-release violation caused his petition for writ of habeas corpus to become moot even though he remains in federal custody. To meet the case-or-controversy requirement of Article III, § 2, of the U.S. Constitution, Mr. Pittman must have standing to bring his claim in the first instance, and he must continue to have personal interest in the claim for the duration of the action. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010). In the context of a habeas petition, the mootness "analysis is specifically limited to the sort of equitable relief [the court] may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "The general rule concerning mootness has long been that a petition

for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition." *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001), *as amended* (June 5, 2001) (internal quotations omitted).

There is no dispute that Mr. Pittman has now completed his sentence for his supervised-release violation, and that after completion of the sentence he remained in U.S. Marshal custody as a pre-trial detainee pursuant to 28 U.S.C. § 3142(e) pending further proceedings related to the identity-theft offense charged in this District. With respect to that sentence, Mr. Pittman's petition is moot, as the Court cannot afford him any habeas relief; he has completed that sentence and the length of time he served cannot be undone. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). However, the Court construes Mr. Pittman's petition and briefing as suggesting that his release date for the custodial sentence for his subsequent identity-theft offense will be later than it should be because he will not receive any credit for the 12 extra days he says he served in connection with his prior supervised-release violation sentence, and that this is a "collateral consequence" of BOP's miscalculation of his release date that prevents his petition from being moot. *See, e.g., Spencer*, 523 U.S. at 7 ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.").

Mr. Pittman bears the burden of demonstrating that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from BOP's alleged miscalculation of his completed sentence. *See id.* at 14. Mr. Pittman asserts that the end of his supervised-release violation sentence "automatically effects the next sentence begin date." Dkt. No. 38 at 4. But this assertion is not supported by the record. As noted above, although judgment has been entered against Mr. Pittman on his conviction for the identity-theft offense, Mr. Pittman has not been transferred to BOP custody for service of that sentence and BOP has not yet calculated his release date for that sentence. It is not possible to predict whether or how the calculation of Mr. Pittman's release date for his prior, completed sentence will impact BOP's calculation of his release date for his current sentence. *See Spencer*, 523 U.S. at 14-16 (rejecting sufficiency of alleged collateral consequence that is merely possible, but not certain or even probable); *see also United States v.*

*Arnette,* 329 F. App'x 714, 715 (9th Cir. 2009) ("Arnette here challenges his twenty-nine-month detention in the Metropolitan Detention Center ("MDC"), prior to conditional release, after he was found not guilty by reason of insanity ("NGRI") on federal bank robbery charges. That claim became moot when he was placed in custody pending disposition of the new charges.").

Accordingly, the Court concludes that Mr. Pittman's petition for writ of habeas corpus challenging the execution of the sentence imposed by the Northern District of Texas for violation of his conditions of supervised release is moot.

### B. Other Motions and Requests for Relief

As noted above, Mr. Pittman filed several motions and requests for relief in this action. These matters are unrelated to his habeas petition—including, for example, his requests for placement in witness protection, objections to certain conditions of his confinement, and his multiple requests seeking discovery and evidentiary hearings on various matters.

Having concluded that Mr. Pittman's habeas petition is moot, this Court has no authority to grant the relief Mr. Pittman seeks with regards to these other unrelated matters. Mr. Pittman's claims regarding his safety and inadequate medical and mental treatment at the Santa Rita Jail involve conditions of confinement, not the legality of his conviction or sentence. Such claims against state actors do not "lie at the 'core of habeas corpus'" and must therefore be brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal citation omitted). Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here.

The mootness of the underlying habeas claim also renders moot any of Mr. Pittman's motions involving procedure and other ancillary matters. Specifically, his objection to the consolidation of his civil and criminal cases (Dkt. Nos. 9, 20), and his motion to unseal and repeated objection to the combining of civil and criminal cases (Dkt. No. 15), need not be decided as this action must be dismissed. Mr. Pittman's motion for discovery, evidentiary hearing, and expedited trial (Dkt. No. 22), motion for summary judgment and emergency hearing request (Dkt. No. 32), and motion to supplement information (Dkt. No. 33), involve the merits of his habeas

petition, which is now moot.

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed as moot. In view of this dismissal, Mr. Pittman's requests for relief pertaining to his conditions of confinement are denied without prejudice. All other pending motions and requests are dismissed as moot.

This order terminates Docket Nos. 9, 15, 20, 22, 32, 33, 41, and 42.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 23, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge